**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| IN RE: | * | |
| | * | |
| MARK A. SUCHTER | * | |
|     Debtor/Appellee | * | |
| _____ | * | Civil No. – JFM-12-2517 |
| | | |
| TONYA SUCHTER | * | |
|     Movant/Appellant | * | |
| | * | |
|     v. | * | |
| | * | |
| MARK A. SUCHTER | * | |
|     Respondent/Appellee | * | |
| | ****** | |

## MEMORANDUM

    Tonya Suchter has appealed a ruling made by the Bankruptcy Court denying her motion to convert this case from a Chapter 13 case to a Chapter 7 case. The Bankruptcy Court's ruling will be affirmed.[1]

    Whether or not appellee's Chapter 13 proceedings should be converted to a Chapter 7 proceedings depends upon whether or not the Chapter 13 proceeding was filed in good faith.[2]

_____

[1] Appellee has not challenged this court's jurisdiction to hear the appeal. There may be some question as to whether the Bankruptcy Court's ruling was a final judgment. However, if the ruling is not a final judgment, I would entertain an interlocutory appeal because the standards set forth in 28 U.S.C. §1292(b) for other certification of an interlocutory appeal are met.

    There is one related issue about which I have some concern: although the claim asserted in appellee's bankruptcy proceedings by the trustee of appellant's own Chapter 13 proceedings was allowed, appellant's was not. Therefore, it is not clear to me that appellant has any standing to pursue this appeal. However, the issue has not been briefed and in order to prevent unnecessary litigation costs, I am not reaching the issue in light of the fact that in my view the Bankruptcy Court's ruling should be affirmed in any event.

[2] Appellant contends that the Supreme Court's decisions in *Stern v. Marshall*, 131 S.Ct. 2594 (2011) and *Northern Pipeline Constru. Co. v. Marathon Pipeline Co.*, 458 U.S. 50 (1982) deprive the Bankruptcy Court of jurisdiction to enter an order concerning the competing rights of

*See Deans v. O'Donnell*, 692 F.2d 968 (4th Cir. 1982); *Neufeld v. Freeman*, 794 F.2d 149 (4th

Cir. 1986).  The Bankruptcy Court carefully and conscientiously applied the factors set forth in

*Deans and Neufeld* in concluding that appellee did not file the Chapter 13 proceeding in bad

faith.  There is no indication that the Bankruptcy Court abused its discretion in making the

findings it did.  Of course, it is true, as appellant argues and the Bankrutpcy Court noted, that

appellant's claim would not be dischargeable in a Chapter 7 proceeding.  That alone, however, is

not dispositive but is only one of the factors that should be taken into account (as the Bankrutpcy

Court did) in deciding whether the Chapter 13 proceeding was filed in bad faith.  *See Neufeld*,

794 F.2d at 152.

A separate order affirming the ruling made by the Bankruptcy Court to deny appellant's

motion to convert appellee's Chapter 13 proceeding to a Chapter 7 proceeding is being entered

herewith.

Date:   January 8, 2013          _____/s/_____
                                 J. Frederick Motz
                                 United States District Judge

---

appellant and appellee.  Appellant is, of course, correct that the case does not involve any "public rights" because the rights of the competing parties do not derive from a federal regulatory scheme or otherwise are integrally related to a particular federal action.  *See Stern v. Marshall*, 131 S.Ct. at 2613.  However, the Bankruptcy Court clearly had jurisdiction because the case involved not only the competing rights between appellant and appellee but also rights being asserted by other creditors of appellee, i.e. the Navy Federal Credit Union, Sears, and Allen Krueger, Esq.

Likewise, appellant's contention that the Bankruptcy Court lacks subject matter jurisdiction because federal courts should not engage in relitigation of domestic relation matters is off the mark.  In this case although appellant's claim arose from a judgment she obtained in a domestic relations case in the Circuit Court for Calvert County, Maryland, appellee did not ask the Bankruptcy Court to relitigate the merits of that dispute.  Rather, the full amount of the judgment entered in favor of appellant against appellee in Charles County was the basis for the claim that the Bankruptcy Court allowed on behalf of appellant's Chapter 13 trustee against appellee.

2